# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| RICHARD L. AMBROSE, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | Case No. 10-cv-172-DRH-PMF |
| JOHN EVANS, | ) |  |
| Respondent. | ) |  |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Richard Ambrose's § 2254 petition for a writ of habeas corpus (Doc. No. 1). Both an Answer from the respondent and a Reply from Ambrose are on file (Doc. Nos. 14, 17). Pending at this time are motions to supplement and for hearing (Doc. Nos. 19, 22, 24). Ambrose remains confined pursuant to a June, 2008, state court order denying his recovery application following commitment to the Illinois Department of Corrections pursuant to Illinois' Sexually Dangerous Persons Act.[1] Ambrose challenges the constitutionality of his continued civil confinement. Giving his *pro se* allegations liberal construction, these grounds for habeas relief are raised:

1. Ambrose was deprived of his liberty in violation of the Fourteenth Amendment's Due Process Clause when:

    (a). The State failed to prove all elements for a civil commitment beyond a reasonable doubt,

---

[1] Illinois establishes a procedure by which those who have been determined to be sexually dangerous persons can claim that they have recovered. For lack of a better term, "recovery application" is used to describe this procedure.

(b). The State legislature imposed a "once per year" filing restriction on recovery applications,

(c). The trial court made mistakes when evaluating evidence:

(1). Opinions of Dr. Mark Carich were admitted without an adequate scientific basis,

(2). Significant weight was given to Dr. Carich's testimony although his poor qualifications and conflict of interest were shown,

(3). Evidence was weighed using a "clear and convincing" standard,

(4). The burden of proof was shifted from the State to Ambrose,

(5). Statements made by Ambrose at a time when his attorney was not present were considered, and

(6). Statements made out of court were admitted in violation of the hearsay rule.

(d). The trial court failed to provide a speedy trial

2. Ambrose was deprived of his right to confront his accusers in violation of the Sixth Amendment when Dr. Angeline Stanislaus described statements made by individuals who did not testify and were not subject to cross-examination.

3. The proceedings violated the Ex Post Facto Clause in Article 1, Section 9 because statutory provisions enacted after Ambrose filed his application were considered by the Court.

The first items considered are petitioner's motions to supplement the complaint (Doc. Nos. 22, 24) and motion for an evidentiary hearing (Doc. No. 19).

## I. Motions to Supplement the Complaint

Ambrose filed his petition on March 3, 2010. A response to the petition was served on November 17, 2010. In accordance with Rule 5 of the Rules Governing § 2254 Cases, December

13, 2010, was set as the deadline for a reply (Doc. No. 15). Ambrose filed a reply in a timely manner (Doc. No. 17). On March 17 and April 14, 2011, Ambrose filed motions to supplement his Complaint (Doc. Nos. 22, 24). Because these motions do not propose changes to the allegations supporting the habeas petition, they are evaluated as motions to supplement the reply or to expand the record.

Ambrose asks the Court to consider (1) an expert report signed by Dr. Craig Rypma in February, 2011, (2) a list of items considered by Dr. Rypma, and (3) Dr. Rypma's curriculum vitae. These documents were prepared for Ambrose's civil rights litigation. They do not aid the evaluation of any issue in this habeas proceeding. Accordingly, these motions (Doc. Nos. 22, 24) should be denied.

## II.     Motion for an Evidentiary Hearing

The Court will hold an evidentiary hearing when aspects of the habeas claims have not been factually developed, despite the petitioner's exercise of due diligence. 28 U.S.C. § 2254(e)(2). Ambrose states that he has provided all of the evidence, which suggests that he wishes to use a hearing as an opportunity to argue his position on the issues rather than as an opportunity to present additional evidence. The need for an evidentiary hearing has not been demonstrated. This motion (Doc. No. 19) should be denied.

## III.    Procedural Default

Respondent argues that all of Ambrose's habeas claims are barred by a procedural default, namely his failure to present any federal claims to the Illinois Appellate Court on appeal. Ambrose suggests that he fairly presented his federal claims to the reviewing courts by (1) raising the federal

claims in a petition for rehearing with the Illinois Appellate Court on July 9, 2009, and (2) raising those claims in a petition for leave to appeal filed with the Illinois Supreme Court on August 18, 2009.

"A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Such a procedural default bars federal habeas relief unless the petitioner demonstrates cause and prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice. *Id.*

In support of his appeal from the order denying his recovery application, Ambrose presented two issues to the Illinois Appellate Court: whether the trial court erred when it denied a motion to strike Dr. Carich's testimony and whether the trial court erred by sustaining an objection to a question posed to Dr. Carich regarding any personal conflict of interest (Doc. No. 14-1, pp. 4, 9-16). The Illinois Appellate Court affirmed the trial court's judgment on July 9, 2009. On August 4, 2009, Ambrose filed a petition for rehearing. That request was denied the same day. On August 18, 2009, Ambrose filed a petition for leave to appeal to the Illinois Supreme Court. That petition was denied on November 25, 2009.

A litigant fairly presents a Constitutional claim by providing the Court with both the operative facts and the controlling legal principles. *Stevens v. McBride*, 489, F.3d 883, 894 (7th Cir. 2007). Factors to be considered include (1) whether the argument relied on federal cases engaged in a Constitutional analysis, (2), whether the argument relied on state cases applying a Constitutional analysis to similar facts, (3) whether the claim is framed in particular terms calling to mind a specific

Constitutional right, and (4) whether the argument gave a pattern of facts well within the mainstream of Constitutional litigation. *Sanders v. Cotton*, 398 F.3d 572, 580 (7th Cir. 2005).

Applying these factors to Ambrose's brief on appeal, he failed to present his federal claims to the Illinois Appellate Court.[2] This procedural default is sufficient to bar habeas relief, even if Ambrose did subsequently include federal claims in his petition for leave to appeal to the Illinois Supreme Court. As noted above, Ambrose needed to present his federal claims at *each level* of review.

**IV.   Cause**

Ambrose may be arguing that his procedural default is excused due to deficient representation by appellate counsel. Ambrose encouraged his appellate counsel to raise federal claims on appeal. As noted above, appellate counsel excluded federal claims from the appeal.

Cause for a procedural default may be established by showing that some type of external factor prevented the petitioner from presenting his federal claim to the state courts. *Murray v. Carrier*, 477 U.S. 478, 488 (1985); *Lewis v. Sternes*, 390 F.3d at 1026. Where there is a Constitutional right to representation by counsel, ineffective assistance will qualify as cause for the procedural default because where there is a right to counsel, attorney errors can be imputed to the State. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Because there is no Constitutional right to effective assistance from counsel in a civil commitment proceeding, appellate counsel's exclusion of federal claims from the brief on appeal does not qualify as cause for the procedural default.

---

[2] The petition for rehearing referenced in Ambrose's reply has not been submitted. The Rule governing such petitions has been reviewed; it does not give litigants the option to raise new issues in support of an appeal after the appeal is resolved. Rather, petitions for rehearing are "not favored and will be allowed only in the most extreme and compelling circumstances." ILCS Supreme Court Rule 367. Because the Illinois Appellate Court declined to rehear the appeal, the Court cannot conclude that Ambrose fairly presented his federal claims at the appellate level of review.

*Brown v. Watters*, 599 F.3d 602, 609 (7th Cir. 2010). In the absence of a showing of cause, the element of prejudice is not reached.

## V. Fundamental Miscarriage of Justice

The fundamental miscarriage of justice exception requires a habeas petitioner to show that a Constitutional violation has probably resulted in the conviction of one who is actually innocent. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). A review of the materials does not reveal a claim that Ambrose is actually innocent of being a sexually dangerous person.

## VI. Conclusion

IT IS RECOMMENDED that the motions to supplement the complaint and for evidentiary hearing (Doc. Nos. 19, 22, 24) be DENIED.

IT IS FURTHER RECOMMENDED that Richard L. Ambrose's § 2254 petition for a writ of habeas corpus (Doc. No. 1) be DENIED. This action should be DISMISSED.

**SUBMITTED: July 11, 2011 .**

    S/Philip M. Frazier
**PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE**