## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RICHARD L. AMBROSE**,

Petitioner,

v.

**JOHN EVANS,**

Respondent.                                              No. 10-0172-DRH

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

This matter comes before the Court on Magistrate Judge Frazier's Report and Recommendation ("the Report") recommending that the Court deny the habeas corpus petition, the motions to supplement and the request for evidentiary hearing (Doc. 26).[1] Ambrose filed objections to the Report (Doc. 29). Based on the following the Court **ADOPTS** the Report in its entirety.

On March 3, 2010, Richard Ambrose, a person civilly committed as a sexually dangerous person in the Big Muddy Correctional Center, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.[2]  Specifically, he challenges actions concerning a so-called

---

[1] On September 27, 2011, the Court denied the motion for evidentiary hearing (Doc. 30).

[2] Originally, Ambrose was indicted in the Circuit Court for Sangamon County, Illinois on four counts of predatory criminal sexual assault, pursuant to 720 ILCS 5/1214/1(a)(1). The charges stem from his alleged sexual penetration of his five-year-old daughter and her five-year-old

discharge/recovery proceeding. Ambrose remains confined pursuant to a June, 2008, state court order denying his recovery application.³ Ambrose claims that he was deprived of his liberty in violation of the Fourteenth Amendment's Due Process Clause; that he was deprived of his right to confront his accusers in violation of the Sixth Amendment when Dr. Angeline Stanislaus described statements made by individuals who did not testify and were not subject to cross-examination; and that the proceedings violated the Ex Post Facto Clause in Article 1, Section 9 because statutory provisions enacted after Ambrose filed his application were considered by the State Court. On November 17, 2010, respondent filed his response to the habeas corpus petition arguing that all of petitioner's claims are procedurally defaulted as Ambrose failed to raise any of these claims in one complete round of the state court review (Doc. 14). On November 24, 2010, Ambrose filed a reply (Doc. 17).

Thereafter, Judge Frazier entered the Report finding that petitioner failed to present his federal claims to the Illinois Appellate Court; that he has not demonstrated cause for this failure and that he has not demonstrated a fundamental miscarriage of justice as the materials do not reveal that he is actually innocent of being a sexually dangerous person (Doc. 26). Thus, the Report recommends that the Court deny and dismiss Ambrose's 28 U.S.C. § 2254 petition for writ of habeas

---

friend. The State of Illinois petitioned the Circuit Court of Illinois, Sangamon County, to proceed under the Sexually Dangerous Persons Act ("SDPA"), 725 ILCS 205 et seq. A jury found Ambrose to be a sexually dangerous person and on June 1, 1999, he was remanded to the Illinois Department of Corrections ("IDOC"), Adult Division, for "care and treatment."

³Under Illinois law, individuals that have been found to be sexually dangerous may file a motion to determine whether they have recovered.

corpus. On August 17, 2011, Ambrose filed objections to the Report (Doc. 29).

Since timely objections have been filed, this Court must undertake *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999). In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id.*

## II. Facts

In 2005, Ambrose filed an application for rehearing asserting that he was no longer sexually dangerous. At the bench trial on his application for release, the State of Illinois tendered Dr. Mark Carich as an expert on sex offender evaluation and treatment. The state court judge allowed Ambose to voir dire Carich and Ambrose's counsel attempted to question Carich whether he had a "personal conflict of interest" with Ambrose. The state court judge sustained the State's objection to that line of questioning, noting that the purpose of the voir dire was "merely to determine whether [Carich] can be admitted as an expert" and that Ambrose's proposed questioning "drift[ed] into cross examination." The state court judge accepted Carich as an expert. Thereafter, Carich testified that based on his "eight-step evaluation," he determined that Ambrose had not recovered and remained sexually dangerous. Ambrose moved to strike the testimony on the basis that Carich's methodology was

not "generally accepted in the field of psychiatry." The state court judge denied the motion; found Ambrose was "still a sexually dangerous person" and denied his application for release.

In his appeal from the order denying his recovery application, Ambrose presented two issues based solely on Illinois law to the Illinois Appellate Court: (1) whether the trial court abused its discretion in barring voir dire regarding whether Dr. Carich had a "personal conflict of interest" with petitioner and (2) whether the trial court abused its discretion in denying Ambrose's motion to strike Carich's testimony as not "generally accepted" (Doc. 14-1, ps. 9-16). The Illinois Appellate Court affirmed the trial court on July 9, 2009. On August 4, 2009, Ambrose filed a petition for rehearing and the Illinois Appellate Court denied the request that day. On August 18, 2009, Ambrose filed a petition for leave to appeal to the Illinois Supreme Court.[4] On November 25, 2009, the Illinois Supreme Court denied his petition for leave to appeal.

On March 3, 2010, Ambrose filed the petition for writ of habeas corpus raising the following claims:

> (1) the State's evidence was insufficient to support a finding that he remains sexually dangerous;
> (2) the admission of evidence concerning his prior offenses violated the confrontation clause;
> (3) the admission of Dr. Carich's testimony violated due process;

---

[4] In his petition for leave to appeal to the Illinois Supreme Court, Ambrose raised the claim that the trial court abused its discretion in denying the motion to strike Carich's testimony; the petition also hinted at whether the trial court abused its discretion in barring voir dire regarding whether Carich had a personal conflict of interest and added several other arguments not made at the Appellate Court level.

(4) the application of the "clear and convincing evidence" standard to his case violated the Ex Post Facto Clause;
(5) the trial court "impermissibl[y] shifted the burden of proof" to him'
(6) the admission of expert reports containing petitioner's "hearsay" statements violated due process; and
(7) he was denied speedy trial.

### III. <u>Legal Standard</u>

Habeas Corpus relief will not be granted unless the state court's adjudication of a claim resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The federal court deferentially reviews the decision of the last state court. *Griffin v. Pierce*, 622 F.3d 831, 841 (7th Cir.2010). State-court factual findings are presumed to be correct unless the petitioner rebuts this presumption with "clear and convincing evidence." *Schriro v. Landrigan*, 550 U.S. 465, 473-74, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007) (citing 28 U.S.C. § 2254(e)(1)). Federal courts liberally construe *pro se* petitions for *habeas corpus* relief. *Perruquet v. Briley,* 390 F.3d 505, 512 (7th Cir. 2004).

A petitioner is required to exhaust all the remedies available to him in state court before seeking *habeas corpus* relief in federal court. 28 U.S.C. § 2254(b)(1)(A). In exhausting his remedies, the petitioner is required to "present the state courts with the same claim he urges upon the federal courts." *Picard v. Connor,* 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). A petitioner's claims must be

presented "in concrete, practical terms, [so that] the state court [is] sufficiently alerted to the federal constitutional nature of the issue." *Ellsworth v. Levenhagen,* 248 F.3d 634, 639 (7th Cir. 2001) ( *Ellsworth* ). Claims that are not fairly presented to the state court are procedurally defaulted upon *habeas* review. *Baldwin v. Reese,* 541 U.S. 27, 29, 30-31, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).

To determine whether a petitioner has fairly presented a claim to the state court, the court examines four factors: "(1) whether the petitioner relied on federal cases that engage in a constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Ellsworth,* 248 F.3d at 639. Procedurally defaulted claims will be reviewed only if "the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice." *Kaczmarek v. Rednour,* 627 F.3d 586, 591 (7th Cir. 2010).

### III. <u>Analysis</u>

A review of the record indicates that Ambrose failed to raise any of these claims in one complete round of state court review. Ambrose was required to present all of these claims to the Illinois Appellate Court. It is not sufficient to include these claims in the petition for leave to appeal to the Illinois Supreme Court.

The record demonstrates that he did not present any of these claims to the Illinois Appellate Court. Morever, Ambrose did not even offer a hint of any of these claims in the Illinois Appellate Court. Thus, all of his claims are defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(claims must be presented through "one complete round" of state court review.); *Duncan v. Henry*, 513 U.S. at 366 ("If habeas petitioner wishes to claim an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

Also, the Court finds that Ambrose has not shown cause to excuse the procedural defaults nor has he shown that the failure to consider his claims will result in a fundamental miscarriage of justice. As to cause, Ambrose merely argues that Judge Frazier misapplies federal law and that his counsel was deficient for failing to include and "reserve" his federal claims. He also argues that he does have a constitutional right to counsel in trial court and direct appeal. The Court rejects these arguments. First, there is no constitutional right to counsel on direct appeal from a civil commitment judgment. *See Brown v. Watters*, 599 F.3d 602, 609 n. 7 (7thh Cir. 2010)("Because we do not recognize a right to counsel [on direct appeal from civil commitment], we cannot accept the cause-and-prejudice analysis urged by [petitioner], in which ineffective assistance provides the requisite cause."). Thus, Ambrose's counsel's failure to raise his federal claims on direct appeal cannot constitute cause. Finally, Ambrose cannot make a showing that he is innocent of the civil commitment standard. A petitioner claiming "actual innocence" must point to

"new reliable evidence ... that was not presented at trial." *House v. Bell*, 547 U.S. 518, 537 (2006). Ambrose as not done so and a review of the record does not indicate a claim that Ambrose is actually innocent of being a sexually dangerous person. Thus, Ambrose's defaulted claims are not subject to federal habeas review.

Lastly, Ambrose objects to the portion of the Report recommending that the Court deny his motions for leave to supplement. He argues that Judge Frazier misconstrued his motions. Based on the above analysis, the Court agrees with Judge Frazier and finds that the supplemental evidence would not have aided the Court in deciding whether his federal claims are procedurally barred.

### IV. Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 26); **DENIES** the motions to supplement (Docs. 22 & 24) and **DENIES** Ambrose's petition for writ of habeas corpus (Doc. 1). Thus, the Court **DISMISSES with prejudice** the petition. Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 7th day of November, 2011.

Digitally signed by
David R. Herndon
Date: 2011.11.07
11:02:29 -06'00'

**Chief Judge**
**United States District Court**